UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:02-00243

**GARY WHITE**


## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On October 16, 2012, the United States of America appeared by William B. King, II, Assistant United States Attorney, and the defendant, Gary White, appeared in person and by his counsel, Rhett H. Johnson, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by Senior United States Probation Officer Douglas W. Smith, the defendant having commenced a twenty-four month less one day term of supervised release in this action on January 9, 2012, as more fully set forth in the Supervised Release Revocation and Judgment order entered by the court on July 1, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant failed to submit monthly reports for April, May, June, July and August 2012; (2) that the defendant failed to gain lawful employment or make restitution payments since his term of supervised release began; (3) that the defendant failed to notify the probation officer of his change in residence inasmuch as his last known residence was with his sister in Charleston, West Virginia, and it became known to the probation officer that the defendant had not resided there since July 30, 2012, rendering the defendant's residence unknown to the probation officer from that time until the submission of the petition on September 11, 2012; (4) that the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on May 25, 2012, for marijuana, the defendant having admitted to the probation officer on June 1, 2012, that he had smoked marijuana and a positive urine specimen submitted by him on September 19, 2012, for benzodiazepines and marijuana, the defendant having admitted after providing the urine specimen

to USPO Justin Gibson that he had used those substances; and (5) that the defendant failed to report for urine screens as directed on May 17, June 8 and 18, July 13 and August 6 and 16, 2012; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of

the United States Bureau of Prisons for imprisonment for a period of TWELVE MONTHS LESS ONE DAY.  The court reimposes restitution in the amount of $21,704.29.

       The defendant was remanded to the custody of the United States Marshal.

       <u>Recommendation</u>:  The court recommends that the defendant be designated to FCI McDowell.

       The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

       DATED:  October 24, 2012

John T. Copenhaver, Jr.
United States District Judge